### DETERMINED IN THE

# FIRST DEPARTMENT,

#### AT

## GENERAL TERM,

### May, 1884.

---

SALY I. MAYER AND OTHERS, APPELLANTS, *v.* FERDINAND EHRLICH AND OTHERS, RESPONDENTS.

*Examination of a party before trial — what constitutes a waiver of the certification and filing of the depositions.*

In pursuance of an order made in this action for the examination of the defendants before trial, they appeared and after they had been examined by the plaintiffs, they were sworn to the depositions before a justice of the Supreme Court; at the close of the examination a stipulation was signed providing that the defendants' counsel might cross-examine the defendants, or either of them, on one day's notice to the plaintiffs' attorney, but that, for the purposes of the order entered on that day, the examination was closed. Upon the trial the plaintiffs offered to read the depositions, but the court refused to receive them upon the ground that they had not been certified or filed as required by the Code.

*Held,* that this was error; that the requirements as to certification and filing had been waived by the defendants, and could not thereafter be insisted upon.

APPEAL from a judgment rendered upon the dismissal of the complaint at the circuit.

*Ira Leo Bamberger,* for the appellants.

*Francis B. Chedsey,* for the respondents.

BRADY, J.:

This action was based upon the charge of false representations made by the defendants to the plaintiffs, and by which they

HUN—VOL. XXXIII.      1

were induced to sell wares and merchandise to the amount stated. The learned justice presiding in the court below dismissed the complaint upon the ground, as appears from his opinion, that the testimony did not establish the charge of false representations. He thought there was not sufficient evidence affecting that question to require that it should be submitted to the jury, and felt it his duty, therefore, to dispose of it as he did.

Several exceptions were argued upon the presentation of the appeal herein, but it will be necessary to discuss but one of them in the view that is taken of it. It appears that the defendants were examined before trial under the provisions of the Code authorizing that to be done. Parts of these depositions were offered upon the trial, but were objected to upon the ground that the deposition of each witness was not certified or filed according to the requirements of the statute. The objection was sustained and an exception taken. The counsel for the plaintiffs insisted that by virtue of a stipulation in regard to these depositions he was not required to file them, nor to have them certified in any manner other than that in which they were certified. It appears in regard to them that the defendants were all sworn to the depositions before one of the justices of this court after the examination had been concluded apparently, and after the following stipulation was signed by the defendants, as appears from the deposition of Solomon Steinfield :

"Defendants' counsel may cross-examine defendants, or either of them, at any time, on one day's notice to plaintiff's attorney ; but for the purposes of the order entered this day this examination herein shall be closed."

The respondents justify the exclusion of these depositions under the provisions of section 880 of the Code of Civil Procedure. That section provides for the manner in which the examination of a party is to be taken. It is true it declares that the deposition when completed must be read to and subscribed by the party examined, and must be certified by the judge or referee taking it, and within ten days after filed in the office of the clerk. But it must not be overlooked that the examination herein was not completed, by reason of the default of the defendants. It was not completed because the defendants reserved the right, under the stipulation to which reference has been made, to cross-examine the defendants, or

either of them, at any time, on one day's notice to the plaintiffs' attorney, a notice that might have been given upon the day the case was upon the calendar, with full force and effect. It would be unjust to deprive the plaintiffs of the benefit of the depositions under such circumstances, and would enable the defendants to take advantage of their own wrong.

The statutory provision in reference to the filing of the deposition is one which may be waived by the adverse party, and was in effect waived by the defendants herein, securing as they did the right of cross-examination at any time upon one day's notice, a provision which rendered it perfectly justifiable to withhold the deposition from the files of the court. So far as the plaintiffs' case was concerned the examination was concluded, and the plaintiffs were not bound to do anything more than they did for the purpose of enabling them to use the deposition. It was incumbent upon the defendants, therefore, in order to insist upon the observance of the statute with regard to filing, to give notice that they waived the right of cross-examination, and required the plaintiffs to have the depositions certified and filed according to the provisions of the statute, the time for such purpose to begin to run from the time of such notice.

The section referred to does not absolutely prohibit the use of the deposition either expressly or impliedly, if it be not certified, and the object of requiring such ceremony is to secure the adverse party examined from any alteration or perversion of his evidence. The provisions of the statute are safeguards created for his benefit, and are such as could be waived. There being no absolute prohibition of the use of the deposition contained in any of the sections of the statute relating to it, unless taken in the manner indicated the rules controlling it under circumstances not contemplated by the statute, are within the power of the court, and it is considered that the stipulation operated as a waiver of the ceremonies already mentioned, which would otherwise be required, and that the depositions were improperly concluded. It is quite evident that had it not been for that stipulation the plaintiffs might have perfected the depositions by securing a compliance with the requirements of the statute, inasmuch as it is not pretended that there were any irregularities on the taking of the depositions which would

interfere with that result.   The evidence contained in the deposi-
tions on behalf of the plaintiffs seems to have some bearing, perhaps
an important one, upon the question of fraud.   At all events it is
impossible for us to say that the exclusion of the depositions could
not by any possibility have prejudiced the plaintiffs' case.

For these reasons it is thought that the judgment should be
reversed and a new trial ordered, with costs to abide the event.

DAVIS, P. J., and DANIELS, J., concurred.

Judgment reversed, new trial ordered, costs to abide event.